COMMONWEALTH *vs.* MRS. JOHN BUTLER, Appellant.

It is too late, after pleading not guilty, to object to the wrong or defective description of the defendant in a complaint.

The omission of the word "and" in the averment of a complaint charging the defendant with being a common seller of intoxicating liquors "on the first day of February in the year of our Lord eighteen hundred and sixty,        from said last mentioned day to the day of making this complaint," is not a fatal defect.

There is no legal presumption that acts done by a wife in her husband's absence are done under his coercion or control.

COMPLAINT for being a common seller of spirituous and intoxicating liquors. The preliminary averments were that "Mrs. John Butler, of Holliston in the county of Middlesex, on the first day of February in the year of our Lord eighteen hundred and sixty, at Holliston in the county of Middlesex,       from said last mentioned day to the day of making this complaint," &c. At the trial in the superior court, before *Wilkinson,* J., the defendant objected to evidence of sales made on any other day than the first day of February 1860, or, if such evidence was admitted, then she contended that evidence of sales on said day should be excluded. But the court admitted evidence of sales made between the first of February and July 17th, the date of the complaint.

The defendant was a married woman, and the sales were made in her husband's dwelling-house, but it did not appear whether he was present at any of them, and the defendant contended that, by presumption of law, the sales were made under his coercion and control; but the court instructed the jury that they might find the defendant guilty unless it appeared by the evidence that the sales were made in the presence of the husband, or under his coercion or control.

---

The defendant, having been found guilty, moved in arrest of judgment: 1. Because there is no proper description of the defendant in the complaint; 2. Because the complaint is double; but the motion was overruled. The defendant alleged exceptions.

*A. B. Underwood,* for the defendant.

*Phillips,* A. G., for the Commonwealth.

METCALF, J. If there is in the complaint a misnomer of the defendant, or a wrong or defective description of her, it is matter of abatement, and not a cause for arresting judgment.

Only one offence is set forth in the complaint, to wit, that of being an unauthorized common seller of intoxicating liquors on a certain day, and from that day to another certain day.

It is argued for the defendant that two offences are charged in the complaint; the first on the 1st of February, and the second on other days "from said day to the day of making this complaint;" because the word "and" is not inserted before the word "from." But we are of opinion that the mere clerical error of omitting the connective particle is unimportant, and that the charge in the complaint is not thereby in any way affected. We cannot doubt that the complaint charges a continuous selling of liquors from the first day of February 1860 to the seventeenth day of the following July, and no other offence. The sense being clear, an objection like that now taken ought not to prevail. 1 Chit. Crim. Law, 172, 173. 2 Gabbett Crim. Law, 200. *Commonwealth* v. *Johns,* 6 Gray, 274.

There is no error in the instruction to the jury. No evidence was given that the sales by the defendant were made in the presence of her husband; and there is no legal presumption that they were so made. Nor is there any legal presumption that acts done by a wife in her husband's absence are done under his coercion or control. Indeed if she, in his absence, do a criminal act, even by his order or procurement, her coverture will be no defence. *Commonwealth* v. *Murphy,* 2 Gray, 510. 1 Hawk. *c.* 1, § 11. 2 East P. C. 559. *Rex* v. *Morris,* 2 Leach, (4th ed.) 1096, 1102. *Hughes's case,* 2 Lewin Cr. Cas. 231.

*Exceptions overruled.*